UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GERALD CLIFTON PARKER,

    Petitioner,

v.                                              Case No. 8:24-cv-382-WFJ-JSS

GRADY C. JUDD,

    Respondent.
_____/

**ORDER**

    Gerald Clifton Parker, a pretrial detainee at the Polk County Jail, initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). Mr. Parker is detained pending a state criminal prosecution for a number of offenses, including possession of cocaine with intent to sell or deliver, resisting an officer with violence, and use or possession of drug paraphernalia. *See State of Florida v. Parker*, No. 2022-CF-9733 (Fla. 10th Jud. Cir. Ct.). Mr. Parker alleges that (1) his pretrial release was revoked "for violating a condition of release" and the trial court has yet to hold a hearing on his request to "reinstate bond/pretrial release," (2) the trial court violated his Sixth Amendment rights by appointing the Office of Regional Counsel to represent him, and (3) court-appointed counsel unlawfully refused to provide him with "a copy of the discovery" in his case. (Doc. 1 at 1-3; Doc. 2 at 1-2).

    As a state pretrial detainee, Mr. Parker may challenge the constitutionality of his confinement by petitioning for a writ of habeas corpus under § 2241. *See, e.g., Medberry*

*v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003) (explaining that a pretrial detainee in state court should file a § 2241 petition, not a § 2254 petition); *Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 n.1 (11th Cir. 1988) (similar). But Mr. Parker's petition must be dismissed without prejudice because intervention in his state-court proceeding is not warranted at this juncture.

"When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the '*Younger* abstention hurdles' before the federal courts can grant such relief." *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004) (referring to the abstention doctrine that the Supreme Court articulated in *Younger v. Harris*, 401 U.S. 37 (1971)). And except in "extraordinary circumstances," a federal court should "abstain from deciding issues implicated in an ongoing criminal proceeding in state court." *Thompson v. Wainwright*, 714 F.2d 1495, 1503 (11th Cir. 1983); *see also Green v. Jefferson Cnty. Comm'n*, 563 F.3d 1243, 1250 (11th Cir. 2009).

*Younger* identified those "exceptional circumstances" as follows: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Hughes*, 377 F.3d at 1263 n.6.

Mr. Parker's petition does not plausibly allege facts to support a finding under any of the three *Younger* exceptions. *See, e.g.*, *Shackelford v. Gwinnett Cnty. Jail,* No. 1:20-cv-4590-WMR-CMS, 2021 WL 12180663, at *3 (N.D. Ga. Jan. 21, 2021) ("Plaintiff's allegations do not warrant interference in his state criminal proceedings, and entertaining Plaintiff's bail claim at this time would impermissibly interfere with his state criminal

case."), *adopted by* 2021 WL 12180694 (N.D. Ga. Apr. 5, 2021); *Bennett v. Croft*, No. 1:06-cv-2912-CAM, 2007 WL 81825, at *2 (N.D. Ga. Jan. 4, 2007) ("[E]ven if Plaintiff were being deprived of the right to counsel, he has state court remedies available in his ongoing criminal proceedings, and this Court may not interfere in those proceedings except in exceptional circumstances, which do not appear to exist in this case."). Indeed, the petition fails to demonstrate that any aspect of Mr. Parker's detention places him in a substantially different situation from any other pretrial detainee or otherwise merits relief. Thus, the Court cannot intervene at this time in Mr. Parker's ongoing state proceeding.

*Younger* aside, Mr. Parker fails to show that he has exhausted his state-court remedies. A federal district court may not grant a § 2241 petition "unless the petitioner has exhausted all available state remedies." *Georgalis v. Dixon*, 776 F.2d 261, 262 (11th Cir. 1985); *see also Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 n.4 (11th Cir. 2004) (explaining that courts apply the exhaustion requirement to a state pretrial detainee's § 2241 petition). Remedies are not considered exhausted if any state procedures remain available to the petitioner. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489 (1973). In particular, the petitioner is required to pursue "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Because Mr. Parker fails to establish that he has exhausted all available state-court remedies, his § 2241 petition must be dismissed for that reason as well.

Accordingly, it is **ORDERED** that:

1. The petition (Doc. 1) is **DISMISSED without prejudice**.

2. Mr. Parker is **DENIED** a certificate of appealability because he cannot show "that jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Because Mr. Parker is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

3. The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, on February 20, 2024.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**